No. 28,682.

J. A. Swan and Mary A. Swan, as Next of Kin to Helen Swan, a Minor, Deceased, *Appellants*, v. The Riverside Bathing Beach Company, *Appellee*.

(276 Pac. 796.)

Opinion filed May 4, 1929.

*A. L. Billings,* of Independence, for the appellants.

*John Bertenshaw, Kirke C. Veeder,* both of Independence, and *O. W. Julien,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action by the parents of a nine-year-old girl whose death is alleged to have been caused by the negligence of defendant, a corporation, which, under a contract with the city, had constructed and was operating a swimming pool or bathing beach on land owned by the city as a park. The trial court sustained a demurrer to the petition. Plaintiffs have appealed.

The sole question before us is whether the petition states facts sufficient to constitute a cause of action. It alleges that defendant, under an agreement with the city (set out as an appendix hereto), had constructed and owned, operated and maintained a bathing beach containing a pool of water, with equipment for water sports

such as bathing, swimming and wading, all for hire and profit and under its management and control. It further alleged facts relating to the death of plaintiffs' daughter, and facts tending to show that such death resulted from the negligence of defendant, its servants and employees, and damages resulting to plaintiffs by reason thereof; but since it is not argued that the petition is defective in these respects we shall give them no further consideration.

It is well settled in this state that a city in the exercise of its governmental powers, under certain circumstances at least, may construct, maintain and operate a swimming pool in its park without the city being liable in damages to one injured there through the negligence of its officers or agents. (*Bailey v. City of Topeka,* 97 Kan. 327, 154 Pac. 1014; *Gilliland v. City of Topeka,* 124 Kan. 726, 262 Pac. 493; *Smith v. Fuest,* 125 Kan. 341, 263 Pac. 1069; *Warren v. City of Topeka,* 125 Kan. 524, 265 Pac. 78, and authorities there cited.) But the city is not sued in this case, and we note this principle of law only for the bearing it may have on the liability of defendant. The question here is whether this governmental immunity of the municipality is imputed to or extends to the defendant so as to relieve it from liability; for, had defendant constructed this swimming pool on land which it owned, or leased from a private individual, firm or corporation, there would be no question of its liability for injury or death caused by its negligence.

We turn now to the contract which establishes the relation between the defendant and the city. We note, first, that even though defendant violated the provisions of this contract with the city, that of itself would not give rise to a cause of action in favor of plaintiffs, for the reason that neither plaintiffs nor their daughter were parties to that contract, or privies to it. (*Warren v. City of Topeka,* supra, syl. ¶ 3.) We examine this contract to see if the municipal immunity from liability for negligence is imputed to defendant with respect to its own negligence. It is not necessary to quote extensively from the contract, for it is set out in full. We note, however, that it expresses the desire of defendant to construct and maintain a swimming pool and to lease from the city a site for that purpose, and by the instrument the city does make such a lease to defendant. This presents a situation entirely different from that before the court in *Bailey v. City of Topeka,* supra, for it was there said that the provisions did "not amount to the leasing of any part of the park." (p. 329.) Considered as a whole the defendant in

this contract acquired a site on which to construct, at its own expense (except as to certain excavating and drives and walks), a bathing beach or swimming pool, and to maintain and operate the same for profit. It is true the city reserved certain rights with respect to policing the premises, but since the place was within the city park perhaps it would have had such rights anyway. Other details of the contract might be mentioned, but they do not vary its general purpose from that above stated.

· Defendant relies on *Warren v. City of Topeka,* supra, where the city and one Torsney, who had a contract with the city with respect to conducting a swimming pool in the city park, were sued jointly for a wrongful death alleged to have resulted from negligence in conducting the swimming pool. It was there held that neither the city nor Torsney was liable, for the reason, as to the city, because of its immunity from such liability, and as to Torsney, because under the contract there involved he was held to be more nearly an employee. We do not care to extend the doctrine by which Torsney was relieved from liability in that case. (See annotation on that case, 57 A. L. R. 560; 42 Harvard Law Review, 282.) But the contract there under consideration was quite different from the one involved in this case. Under the contract before us it cannot be held that defendant was an employee of the city for the purpose of carrying out its governmental function. The result is that defendant's contract with the city does not relieve it from its own negligence. It had the duty common to individuals, firms or corporations of using due care in the conduct of its business, and if, through its negligence in so conducting its business, loss or injury result, it cannot escape liability simply because of this contract or the fact that it had leased the ground on which to construct its improvements and operate its business from the city rather than from a private individual.

The judgment of the court below is reversed.

---

### APPENDIX.

This agreement made and entered into this first day of October, 1926, by and between the city of Independence, a municipal corporation acting by and through its duly constituted officers, first party, and R. W. Arnold, of Independence, Kan., second party.

Whereas, First party is a municipal corporation owning certain real estate hereinafter described; and

Whereas, Second party desires to construct and maintain a swimming pool, and desires for such purpose to lease such site from first party and to contract with first party concerning the construction and maintenance of such swimming pool;

Now, therefore, this agreement witnesseth: That for and in consideration of the sum of $1 by each party to the other paid, the receipt of which is hereby acknowledged, and in further consideration of the mutual agreement herein contained, the parties have agreed one with the other as follows:

1. The city of Independence does hereby lease and let unto second party, his heirs and assigns, for the use and purpose hereafter stated and for the period of fifteen years from the date hereof, the following-described real property, to wit: "Commencing at a point 65 feet east of the east line of Mount Hope cemetery and 25 feet north of the north curb line of Oak street, thence north 325 feet; thence east 250 feet; thence south 325 feet; thence west 250 feet to place of beginning in Independence, Montgomery county, Kansas."

2. On such site and at a location to be designated by second party and within reasonable time after designation, first party agrees to excavate for a swimming pool, to be 100 feet by 200 feet with a depth of 24 inches at the side walls and increasing to a maximum depth of 9 feet, all as is more fully set out in the description contained in second party's contract with the builders of such pool, a copy of which description is hereto attached and made a part thereof so far as the same may be applicable to this contract; complete plans and specifications for which are to be submitted to the commissioners for their approval before building work is started.

3. First party further agrees to furnish thereafter such water as second party may require to operate and maintain such swimming pool through a gravity line at a price of 3 cents per thousand gallons; water so furnished is to be metered and paid for by second party within thirty days after the rendition of the monthly statement therefor.

4. First party is to furnish and connect with such pool, when completed, a 10-inch sewer, connecting with the storm sewer under Third street and a 6-inch connection with the sanitary sewer.

5. First party agrees after excavation for such pool to grade such excavation for the cement work, and thereafter to regrade around the pool and to lay out and thereafter maintain in good condition a roadway at least 25 feet in width entirely circling such pool and 75 feet wide on the east side, and to further install near such pool and thereafter maintain, at its own expense, not less than six ornate street lights of the type now in use in the city park of Independence, Kan.

6. First party agrees that the city of Independence, neither through its own proper officers or agents nor through any other lessee, shall engage in the swimming-pool business or own and operate directly or indirectly any swimming pool in the city of Independence, except with consent of both parties, during the life of this contract; and further agrees that it will turn over to the second party without cost such swimming-pool equipment as may be now located in the present swimming pool operated by the Rotary club of Independence, Kan.

7. Second party, for his part and for his heirs, successors and assigns, agrees within a reasonable time after the execution of this contract and following the

excavation herein provided to be done by first party, to cause to be constructed a sanitary swimming pool as is more fully described in the description heretofore attached; second party further agrees to build and maintain a baby pool containing only eight to twelve inches of water for the use of small children.

8. Second party agrees to maintain said pool after construction and installation in due conformity with all laws of the state of Kansas, rules of state and local boards of health and of the ordinance of the city of Independence.

9. Second party agrees to erect and maintain adjacent to such pool adequate and proper dressing rooms for both sexes, with adequate toilet facilities connected therewith.

10. Second party is to have exclusive concession rights, with the right on his part to sublet or sell concession rights to competent proper persons.

11. Second party agrees to conduct such swimming pool in proper manner, and to enforce by reasonable rules and regulations good conduct on the part of all persons patronizing the same and promises to exclude or reject undesirable patrons, and to himself provide proper guards and police facilities, only calling upon the city officials in extreme cases; provided, that first party shall at all times retain police control and supervision over said premises.

12. Second party agrees to establish and maintain a schedule of prices to be approved by the city commissioners of the city of Independence, Kan., and to adopt rules and regulations governing the use of such pool, which said rules and regulations, together with such schedule of prices, are to be posted in conspicuous places adjacent to such pool; the schedule of prices above referred to shall be and hereby is established to be the following: 1, admission to pool with use of dressing rooms, adults 25 cents; 2, rent of bathing suits per person 15 cents, children under 14 years of age 10 cents; 3 towels per person 5 cents.

13. It is mutually agreed between the parties that after the expiration of 15 years from the date hereof second party will assign to first parties all of his rights, title and interest in and to such swimming pool and all equipment and material used in connection therewith, making such assignment by bill of sale, vesting in the said city all rights, title and interest in and to this contract and such pool. The second party agrees to maintain the property in a good state of repair during the entire life of the lease, and a failure to keep the property in repair shall forfeit the rights of second party hereunder, provided proper notice is given and time allowed for repair.

14. For the considerations above set out the option is hereby given to second party by first party to lease such swimming pool, equipment and material, from and after fifteen years from the date hereof for an additional period of five years at an annual rental or royalty to equal 10 cents for each adult admission paid during such year to such pool.

15. It is expressly agreed that it shall be the privilege and duty of second party to exclude or eject from such pool objectionable persons, and to maintain and operate such pool in such sanitary and safe manner of [for] inhabitants of such city.

16. It is expressly agreed that the interest of second party in this contract may be assigned by him to any other person, persons, firm or corporation, but that all of the terms, conditions and agreements herein contained shall be binding upon both parties, their respective heirs, successors and assigns.

In witness whereof, the parties have hereunto caused this agreement to be executed the day and year first above written.

CITY OF INDEPENDENCE,

By (Signed)   C. H. KERR, Mayor, *First Party.*

(Seal)                    (Signed)   R. W. ARNOLD, *Second Party.*

Attest:   (Signed)   G. H. KRIENHAGEN, *City Clerk.*