No. 37,582

NANCY BEECHER, *Appellee* v. PROCTOR RITCHIE, DEAN RITCHIE, and DAVE RITCHIE, doing business as RITCHIE BROTHERS CONSTRUCTION COMPANY, *Appellants.*

(205 P. 2d 1014)

Opion filed May 7, 1949.

*William Tinker,* of Wichita, argued the cause, and *Getto McDonald, Arthur W. Skaer,* and *Hugh P. Quinn,* all of Wichita, were with him on the brief for the appellants.

*Wayne Coulson,* of Wichita, argued the cause, and *William C. Attwater, Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling a demurrer to the petition in an action for damages sustained by plaintiff (appellee) in an intersection collision in the city of Wichita.

Rather than attempt to summarize the allegations of the petition it will be set out in full with the exception of that portion relative to the injuries sustained by plaintiff and concerning which there is no dispute in this appeal.

"PETITION.

"Comes now the plaintiff, Nancy Beecher, and for her cause of action against the defendants alleges and states:

"1. Plaintiff is a citizen and resident of the State of Minnesota and the defendants, Proctor Ritchie, Dean Ritchie and Dave Ritchie, are citizens and residents of the State of Kansas.

"2. On or about the 9th day of April, 1947, the defendants, Proctor Ritchie, Dean Ritchie and Dave Ritchie, were engaged as co-partners in the operation of a business known as Ritchie Bros. Construction Company and on said day the said partners and each of them entered into a contract with the City of Wichita, Kansas, a municipal corporation, for the paving of a certain portion of Seventeenth Street, in the City of Wichita, Kansas, lying to the east and west of Mosley Avenue in the City of Wichita, Kansas. Plaintiff does not know the exact area of paving embraced in said contract but alleges that said paving contract covered a distance on Seventeenth Street of at least one block in each direction from the intersection of Seventeenth Street and Mosley Avenue. The parts of said contract material to the cause of action herein alleged are as follows:

" 'Second party further agrees that at all times during the prosecution of said improvement they will maintain proper safeguards, barricades, and lights on the work and every portion thereof to insure the highest degree of safety to the traveling public, and that they will hold the City of Wichita harmless in all suits for damages brought against either of the parties to this contract on account of the negligent acts, omissions or default of the second party, their agents or servants in the prosecution of the work on said improvement. . . .

" 'If, in the prosecution of the work, it shall be necessary to dig up, use or occupy any street and highway or public grounds of said City of Wichita the contractor shall erect and maintain strong and suitable barriers, with warning signs in accordance with the statutes of the State of Kansas, and during the nighttime, lights, such as will effectually prevent any accident or harm to life, limb or property, and shall be responsible for all accidents or damages in consequence of such digging up, use or occupancy of the street, alley, highway or public grounds, which may result therefrom, or which may result from the carelessness of such contractor or his or their agents, employees or workmen or assigns.'

"3. On the 9th day of August, 1947, the defendants were engaged in the construction of the paving and improvements on Seventeenth Street in the area above alleged pursuant to the terms of the contract referred to above.

"Either on the said 9th day of August, 1947, or a short time prior thereto, the exact date of which is not known to this plaintiff but is known to the defendants, it became necessary for the defendants to remove a certain stop sign located at the northeast corner of the intersection of Seventeenth Street and Mosley Avenue, which stop sign was erected for the purpose of protecting traffic on Mosley Avenue and was so situated as to stop vehicles approaching said intersection from the east. Thereafter and at the close of work on the said 9th day of August, 1947, the defendants dismissed their workmen for the evening without placing warning signals of any kind upon said Seventeenth Street for the purpose of warning persons lawfully in the use of said street of the fact that said street was in the process of being repaired or rebuilt. Said defendants further failed to place any barricades at any place upon said street

for the purpose of preventing the use of said street by vehicular traffic while said street and improvements were under construction and failed to place lights upon the said Seventeenth Street, all as required by the terms of the contract above referred to. In addition to the failure of the defendants to place warning signals, barricades, or lights upon Seventeenth Street as above alleged the defendants and each of them permitted their workmen to leave their place of employment on the said evening of August 9, 1947, without replacing the stop sign referred to above located at the northeast corner of the intersection of Mosley Avenue and Seventeenth Street even though the defendants knew that the said Seventeenth Street would be used by vehicular traffic during the night of August 9 and morning of August 10, 1947.

"4. In carrying on their operations under said contract the defendants owed a duty to the public in general to carry on said work with specific reference to the degree of care prescribed by the contract referred to above and also owed a duty to the public in general to avoid any conduct which a reasonably prudent person might foresee would place other persons in danger of injury.

"5. At approximately 2:00 o'clock on the morning of August 10, 1947, the plaintiff was a passenger in a 1947 Pontiac automobile being driven in a westerly direction on Seventeenth Street by Glen H. Beecher. As said automobile was being so driven it approached the intersection of Seventeenth Street and Mosley Avenue and at approximately the same time a Ford pickup truck approached said intersection from the south travelling on Mosley Avenue. Said Ford pickup truck was being driven by Huerson Q. Thomas. When the said Pontiac automobile reached a point approximately 50 feet east of said intersection the said Ford pickup truck was then and there approximately 100 feet to the south of said intersection and said Ford pickup truck was approaching said intersection from the left of the driver of the Pontiac automobile in which plaintiff was a passenger. The driver of the said Pontiac automobile believing that he had the right of way at said intersection by reason of the fact that said Ford pickup truck was approaching from his left and for the further reason that the said Pontiac automobile would clearly reach the intersection a safe distance ahead of said approaching Ford pickup truck drove into said intersection at a speed of approximately 20 miles per hour intending to continue west across said intersection on Seventeenth Street. At the same approximate time the driver of the Ford pickup truck approaching said intersection from the south continued into said intersection at a speed of approximately 25 miles per hour. The driver of said Ford pickup truck upon approaching said intersection observed the approach of the said Pontiac automobile but knowing that said Mosley Avenue was a through street under the ordinances of the City of Wichita and that stop signs were required on all entrances thereto assumed that said Pontiac automobile approaching said intersection from the east would stop before entering said intersection and would yield the right of way to him pursuant to the laws of the State of Kansas pertaining to the right of way of vehicles approaching the intersection of two streets. Both drivers rightfully believing they had the right of way at said intersection and each rightfully assuming that the other would yield the right of way to him

continued into said intersection and by the time that each driver in the exercise of reasonable care became aware that the other driver was not yielding the right of way it was too late to avoid the collision which inevitably followed. As a result of said collision the automobile in which plaintiff was a passenger was demolished and the plaintiff sustained severe, permanent and painful injuries as hereinafter more specifically alleged.

"6. Plaintiff alleges that the collision above described resulted proximately from the negligence of the defendants and each of them in the following particulars:

"*a*. In failing to erect and maintain strong and suitable barriers at the entrance to that part of Seventeenth Street under construction.

"*b*. In failing to warn approaching traffic that the stop sign had been removed.

"*c*. In failing to replace said stop sign at the close of work on the said 9th day of August, 1947, when the defendants knew or in the exercise of reasonable care should have known that said Seventeenth Street would be used by vehicular traffic the night of August 9 and the morning of August 10.

"*d*. In creating a dangerous condition by opening the said Seventeenth Street for traffic at a time when the defendants knew that said stop sign had not been replaced and at a time when the defendants knew or in the exercise of reasonable care should have known the said Seventeenth Street would be used by persons unfamiliar with the intersection and without knowledge that said Mosley Street was a through street and that such persons would have no opportunity to protect themselves against the asumption of the right of way by persons using Mosley Street in the belief that traffic on said Mosley Street was protected by stop signs at the intersections thereon."

The defendants filed a motion to strike all of that part of paragraph 2 with reference to the contract with the city of Wichita and all of paragraph 4 with reference to the degree of care owed by defendants to the general public. This motion was overruled, whereupon the defendants demurred to the petition "for the reason that said petition does not state facts sufficient to constitue a cause of acion against the defendants and in favor of the plaintiff." The demurrer was overruled and defendants appealed to this court, assigning as their specification of error the overruling of their demurrer to the petition.

In their argument defendants contend that their demurrer is good for the reason that the petition shows on its face that the alleged wrongful acts of the defendants were not the proximate cause of plaintiff's damage and for the further reason that the contract with the city set up in the petition as a basis for the action cannot serve as the measure of defendants' liability and their standard of duty and care to the plaintiff, and they argue that the direct and proximate cause of the collision was the action of the driver

of the car in which plaintiff was a passenger in entering the intersection in violation of law. They rely on the fact that by ordinance, Mosley, the north-south street, was designated as a through street and traffic on Seventeenth streeet was required to stop and that the act of the defendants in removing the stop sign was therefore not the proximate cause of the collision. They further contend that plaintiff's cause of action is predicated upon the provisions in the contract between defendants and the city of Wichita which attempts to impose on the defendants a higher degree of care than would otherwise be required by law in the performance of the construction work in question and thus that there is a material deviation from the ordinary standard of care imposed upon defendants in negligence cases.

In support of their argument we are cited to *Jones v. McCullough,* 148 Kan. 561, 83 P. 2d 669, in which it was held that under the facts of that case the driver was obliged to stop before entering a through street even in the absence of a stop sign. We are also cited to the cases of *Warren v. City of Topeka,* 125 Kan. 524, 265 Pac. 78, and *Swan v. Riverside Bathing Beach Co.,* 128 Kan. 230, 276 Pac. 796, which deal with the question of liability to a third party growing out of an alleged breach of a contract entered into by the city and a second party.

The plaintiff on the other hand argues that the petition states one cause of action—in tort—not contract; that the petition states just as good a cause of action without the allegations concerning the contract with the city and that the only purpose of pleading the contract was to bring out the facual background of the situation and to establish liability of defendants rather than of the city. They further argue that the case of *Jones v. McCullough,* supra, is not controlling because of the fact that at the time of the collision in that case the statute simply authorized municipalities to regulate traffic (citing G. S. 1935, 8-122, 8-124, 13-412 and 13-2904) and that in 1937 a general traffic code was enacted applicable not only to highways but to municipal streets as well (citing G. S. 1947 Supp. 8-508, the pertinent provisions of which are as follows:

"(a) The provisions of this act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from: . . . (6) Designating any highway as a through highway and requiring that all vehicles stop before entering or crossing the same or designating any intersection as a stop intersection and requiring all vehicles to stop at one or more entrances to such

intersections. . . . (b) No ordinance or regulation enacted under subdivisions . . . (6) . . . of this section shall be effective until signs giving notice of such local traffic regulations are posted upon or at the entrances to the highway or part thereof affected as may be most appropriate."

The only question presented to us is whether or not this petition states a cause of action against the defendants. We realize that in passing on this question care should be exercised so as not to prejudice the rights of the parties to the action in the trial of the case but a limited discussion of the questions involved is necessary for a decision.

We are not impressed with defendants' argument that by pleading the contract with the city plaintiff is attempting to hold the defendants to any higher degree of care than would apply in ordinary negligence cases under like and similar circumstances and in our opinion the phrase "highest degree of safety" contained in the contract cannot enlarge or increase the degree of care owed by defendants under the particular facts in question. This contract could not require a degree of care higher than proper under the circumstances. This is an action based on negligence and in our opinion is pleaded as such. The measure of defendants' duty in this case is to be determined by the law governing negligence cases and not by the provisions of the contract. Under G. S. 1935, 68-121, certain obligations are imposed upon defendants concerning their construction work and the contract with the city merely amounts to a recognition of their already-existing statutory liability. For this and other reasons we do not think that the cases of *Warren v. City of Topeka* and *Swan v. Riverside Bathing Beach Co.*, supra, are applicable and in view of the enactment of G. S. 1947 Supp. 8-508, above quoted, the rule laid down in *Jones v. McCullough*, supra, would not be controlling under the facts of this case.

The case of *Lyle v. Fiorito*, 187 Wash. 537, 60 P. 2d 709, is quite similar to the case at bar and in that case a paving contractor removed a stop sign from an arterial highway in the course of paving operations. The highway was opened for travel the latter part of August, 1934. The stop sign was replaced but fell down in a day or two and no sign was in place after some date early in September. On September 16, 1934, two vehicles collided in the intersection. The driver of the automobile on the arterial highway assumed that the driver on the intersecting highway would stop and the driver of the automobile approaching the arterial highway, seeing no stop

sign, assumed that the vehicle on the arterial highway would yield the right of way since it was approaching from his left. Actions were filed by the occupants of both vehicles against the county and its paving contractor. Finding that the county had accepted the highway after the paving and had assumed the burden of restoring the sign the jury returned a verdict in favor of the contractor. The jury also found in favor of the separate plaintiffs and against the county. On appeal the judgments were affirmed and the court said:

". . . Manifestly, the mere designation of a road as an arterial highway, as such action is placed of record in a state or county office, is not notice in fact to the traveling public. Warning signs have of recent years become very numerous, and are properly and necessarily relied upon to give notice of physical facts which a driver should know. . . . (p. 544.)

"The county pleaded contributory negligence in each case, and this issue was submitted to the jury under proper instructions. We are convinced that it cannot be held, as matter of law, that appellant was entitled to judgment because of contributory negligence. Appellant strenuously contends that one or other of the drivers must have been negligent, and that it should not be held responsible in both cases. The jury, however, were justified in finding that the primary negligence which caused the collision was that of the county, and that if either driver was, or both drivers were, guilty of some negligence, the same did not proximately contribute to the accident." (p. 546.)

We are of the opinion that the petition in this case stated a cause of action against the defendants and that the demurrer thereto was properly overruled. Even if it should be assumed that plaintiff's husband was bound to know that Mosley avenue was by ordinance an arterial street despite the absence of a stop sign required by statute the ordinance was not enacted for the benefit of persons in defendants' position and they are not in a position to rely upon it. In 45 C. J. 971, it is said:

"It has also been held that a defendant cannot invoke the violation of a statute or ordinance by plaintiff as a defense where such violation is occasioned by his own negligent or unlawful act."

Other matters raised by the parties in their briefs require no comment in this opinion. All are questions which might very easily arise during the trial of this case for submission to a jury under proper instructions of the court.

The judgment of the lower court is affirmed.