No. 38,767

GOLDIE SHAUBELL, *Appellant*, v. C. C. BENNETT, PEARL BENNETT and ELIZABETH STRICKLAND, *Appellees*.

(252 P. 2d 927)

Opinion filed January 24, 1953.

*Morris D. Hildreth*, of Coffeyville, argued the cause, and *Richard L. Becker*, of Coffeyville, was with him on the briefs for the appellant.

*T. Richard Liebert*, of Coffeyville, argued the cause, and *Frank W. Liebert*, of Coffeyville, was with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action by plaintiff against the defendants Bennett as owners and operators of the Alvin Apartment Hotel and against the defendant Strickland as owner of the building in which the hotel was located, for damages for personal injuries. The defendants' demurrers to plaintiff's petition were sustained and she perfected her appeal. Since that time plaintiff dismissed her appeal as to Strickland, and the only question now before us arises from the ruling on Bennetts' demurrer.

In reviewing the allegations of the petition we shall omit reference to matters merely formal or unnecessary to a decision. It was alleged that at all times material C. C. Bennett and Pearl Bennett were the owners and operators of the Alvin Apartment Hotel in Coffeyville; that on November 19, 1949, plaintiff was a *tenant* of Bennetts

and occupied a room on the third floor of the hotel for which use and occupancy she paid the *rent* as required by them; that there was a stairway connecting the second and third floors in the building which was the only means available to occupants in going from floor to floor; that the stairway was of wood, was 42 inches wide, the height of the steps varied and there was a guard rail on both sides from the third floor to a landing three steps above the second floor and on the landing there was a wooden post; that there was no guard rail from the landing to the second floor to protect those using the stairway from falling off the steps, and at night the stairway and all parts thereof were dangerous by reason of the fact that the stairway was dark and unlighted; that on the night of November 19, 1949, it was very dark and plaintiff left her room at about 9:00 o'clock p. m. for the purpose of going to the room of Etta Glidewell on the second floor; that in order for her to do so it was necessary for her to use the stairway described, and due to the fact there was no guard rail on the steps below the landing and no light whereby she could guide her steps, she stepped off of one of the steps below the landing and was thrown forcibly to the floor, suffering injuries described in detail. Plaintiff further alleged that the dangerous condition of the stairway was known to the defendants or should have been known to them in the exercise of reasonable care and diligence prior to her injury, and her injuries were caused by their negligence in failing to provide a light and in maintaining a portion of the stairway without a guard rail thereon, and in such condition that one using the stairway at night was liable to fall onto the second floor of the hotel.

Defendants filed their motion that plaintiff make her petition more definite and certain by setting out whether the stairway was completely dark, or if partially dark what part was unlighted and dark and to what extent; by stating by whom or what threw plaintiff; what she meant by a quoted phrase; by stating from which step she fell; by stating what injuries she received and which were permanent and by stating how the alleged dangerous condition of the stairway was known to the defendants and what notice they had. Upon hearing of this motion, the trial court found the petition fairly apprised defendants of the nature of her claim and denied the motion. Thereafter the defendants demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of acion. The trial court sustained the demurrer and plaintiff perfected her appeal to this court.

Because of the difference in extent of duty involved, the most important question in this case is whether the relationship between defendants and plaintiff was that of landlord and tenant or that of innkeeper and guest. We here note that the motion to make definite and certain was not directed to any allegation bearing on the relationship. Appellees contend the allegation of plaintiff that she was a tenant and paid rent excluded any other relationship; that an apartment hotel is not an inn; that appellant has alleged no facts that appellees operate or own a business covered by G. S. 1949, chapter 36, regulating hotels, rooming houses and apartment houses, which they contend has no application here, but that there is no allegation that the business carried on by them is either of the above or that they operate under any license to engage in any such business.

Reference to the above chapter of our statutes discloses, in substance, that every building kept, used or maintained or held out to the public to be a place where sleeping accommodations are offered for pay to transient guests, in which five or more rooms are used for such transient guests shall be deemed a hotel (36-101); that every building used and held out to the public to be a place where sleeping accommodations are furnished to *transient* or *permanent* guests, and which does not maintain dining accommodations shall be deemed a rooming house, provided that nothing in the act shall be construed to prevent the use of any name by the proprietor which does not include the word "hotel" (36-102); and that every building used and held out to the public to be a place where accommodations for sleeping rooms, either single or in suites for light housekeeping but where no dining accommodations are furnished, and containing four apartments or more, shall be deemed an apartment house, and shall not have the right to use the name "hotel" or "rooming house" in connection with such business (36-104); and that any person engaged in the business of conducting a hotel, rooming house or apartment house must have a license to do so (36-105). Other provisions of the act need no present mention. Violation of the provisions of the act is a misdemeanor (36-123).

The appellant, in her brief, makes no specific reference to the fact she had alleged she was a tenant and not a guest, but her argument is to the general effect that her allegations disclose a situation where the law with reference to innkeeper and guest applies. As has been noted, appellees contend that appellant designated herself as a tenant and thereby excluded any relationship except landlord and tenant. We note, however, that the petition

clearly alleged the operation of a "hotel" by the appellees. In our opinion it was not necessary that appellant plead at length what constituted the business as, for present purposes, we assume that appellees used the word "hotel" lawfully and not unlawfully in connection with their business. Under the situation pleaded use of the word "hotel" carried with it the legal relationship of innkeeper and guest between the operators of the hotel and the persons accommodated, therein, or if the facts be otherwise they should be pleaded by way of defense in an answer. Whether the appellant's use of the word "tenant" was an inadvertence or not, the allegations of the petition as a whole disclose a relationship of innkeeper and guest and not that of landlord and tenant. Under the circumstances we need not discuss the question of liability under the latter relationship, nor take note of authorities cited by appellees treating thereof.

Appellant relies principally upon *Criswell v. Bankers Mortgage Co.*, 128 Kan. 609, 278 Pac. 722. Although the facts of that case do not closely parallel those pleaded in the petition now before us, the rule of law there applied bears on the situation here presented. In that case the defendants directed attention to the statute now appearing as G. S. 1949, chapter 36, and argued that the hotel keeper had no duty to properly light his hotel until the hotel commissioner had determined what was necessary to be done to bring lighting facilities up to the standard prescribed by law and had served a statutory notice on the hotel keeper, and that the petition not having alleged such there was no liability. This court said that the statute had no substantial bearing on the cause of action alleged by the plaintiff nor on defenses of law or of fact which the defendants might interpose thereto. In the course of the opinion it was said with reference to the statute:

". . . but so far as concerns a civil action for damages against a hotel keeper by a guest, based upon the insufficient lighting of the hotel, the statute does no more than declare what most courts would hold to be the rule at common law." (l.c. 612.)

and after referring to a case from another jurisdiction relied on by defendants, it was further said:

". . . Whatever refinements may be discovered in particular decisions, the rule is general that wherever men engaged in business invite the public to come upon their premises to patronize them, whether the business be that of hotel keeper, or merchant, or railway carrier or what not, there is a duty resting on the proprietor or manager in control of the business to keep in a reasonably safe condition those portions of his premises where guests or customers may be expected to come and go, and where he fails in that duty and a guest or

customer is injured thereby a cause of actionable negligence will arise." (l.c. 612.)

It was held:

"It is the duty of a hotel keeper to keep in a reasonably safe condition those portions of his hotel where his guests may be expected to come and go, and it cannot be said as a matter of law that there was no actionable negligence in his failure to sufficiently light a hallway through which the plaintiff had to go to reach her room and whereby she walked through an open doorway and fell down a stairway and was injured, but the issues of fact concerning the hotel keeper's negligence and of plaintiff's contributory negligence were for the jury." (Syl. ¶ 2.)

We do not deem it necessary that we comment at length on the extent of care an innkeeper must exercise for there can be no argument that he must exercise ordinary and reasonable care at least to keep those parts where his guests are invited or may be expected to go, reasonably safe for their use, and this includes proper lighting, handrails along stairs and other safety appliances (43 C. J. S. p. 1176, et seq., and 28 Am. Jur, p. 578, et seq.).

Appellees argue, citing landlord and tenant cases, that appellant did not plead that they actually knew the defects existed, or that those defects had existed for such length of time that notice would be fairly imputed to them. In support they cite *Miller v. Johnson,* 155 Kan. 829, 130 P. 2d 547, where it was held that as against a demurrer, the best that can be said for an allegation that the opposite party "knew or should have known" is that he should have known, and that appellant's petition did not charge them with knowing. It will be noticed the allegation of the present petition is broader than the one stated in the above case. The present allegation is that the dangerous condition was known "or should have been known by them in the exercise of reasonable care and diligence prior to her injury." Such a style of pleading is not to be commended, and perhaps the trial court should have sustained appellees' motion as to what notice they had, but we cannot conclude that the petition is fatally defective. Appellees are well aware of what knowledge or notice they had of claimed defective conditions and may plead the same in an answer.

Appellees' argument in support of the trial court's ruling is inextricably tied up with its contention that the relationship between the parties was that of landlord and tenant and that the owner of an apartment house owes no duty to a tenant with respect to common passageways except to maintain them in the same condition

as they were at the time of letting (see 39 A. L. R. 294) and, inferentially, that there is no allegation of any violation of such a duty. With the above as a premise it is argued that their motion to make definite and certain having been successfully resisted, the petition is to be strictly construed. That rule has no application to allegations not attacked by the motion, nor to allegations as to which the ruling thereon was correct (*Kitzel v. Atkeson*, 173 Kan. 198, 200, 245 P. 2d 170). The allegation as to the guard rail was not motioned. As to lights, the motion asked that plaintiff state what part of the stairway was partially dark and to what extent it was unlighted. The allegation of the petition was that the stairway and all parts thereof were dangerous by reason of the fact they were unlighted. It does not appear the trial court was in error in ruling on that part of the motion. There is no allegation in the petition susceptible of interpretation that the stairway in question was a common passageway for the use of tenants, on the contrary it was alleged to be a stairway in a hotel. Nor are we impressed with an extended argument that unlighted stairways are within the common experience of mankind and that there is nothing dangerous about them per se, nor that it is not usual to have a guard rail from a landing to the floor below. As pleaded here the dangerous condition did not arise merely because there was a stairway involved. It arose from the fact that the stairway and the landing were dark and unlighted and that the steps down to the landing were protected by a guard rail and from the landing to the second floor were unprotected by a guard rail. If those facts were true liability would follow. Whether they were true presented an issue for determination by the jury, and it may not be said as a matter of law such allegations are insufficient to charge actionable negligence.

The ruling of the trial court sustaining appellees' demurrer to appellant's petition is reversed and the cause remanded for further proceedings.