No. 40,757

ACTON MANUFACTURING COMPANY, INC., *Appellee,* v. GEORGE M. MYERS, INC., *Appellant.*

(320 P. 2d 840)

Opinion filed January 25, 1958.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Anthony T. Dealy,* and *Gerald Sawatzky,* all of Wichita, and *J. B. McKay,* and *J. B. McKay, Jr.,* both of El Dorado, were with him on the briefs for the appellant.

*Harry L. Hobson,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel,* and *John W. Brimer,* all of Wichita, and *L. J. Bond,* and *R. M. Bond,* both of El Dorado, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This *is* an appeal from an order of the trial court over-ruling defendant's demurrer to plaintiff's second amended petition and from previous orders overruling defendant's motions to make definite and certain or to strike which were directed against plaintiff's petition and amended petition.

The petition substantially alleged that on March 27, 1955, defendant commenced certain construction and maintenance work on the street, curbing and sidewalk immediately adjacent to plaintiff's three story building located in Arkansas City. Defendant owed plaintiff a duty to perform the work in a safe and proper manner *so as not to damage the property of the plaintiff.* In violation of this duty, defendant used pneumatic hammers in close proximity to plaintiff's building, setting up vibrations in the foundation, walls, and floors which proximately caused separation of the walls and cracks therein as well as the falling of plaster, etc., from the ceiling. Then followed damage allegations not necessary to be set out herein.

The motion to make definite and certain requested a statement as to whether it was claimed the pneumatic hammers were unusual in size or design and if so, in what manner they were different from those used in the trade for like work. The motion to strike referred to the words above underlined for italicization and certain allegations of damage in the prayer of the the petition. This motion was overruled and defendant demurred generally but before argument thereon, plaintiff filed its amended petition.

The amended petition further alleged that the work contemplated, in the breaking up of concrete pavement, curbing and side-walks, the use of methods and machinery the *defendant knew or should have known would involve danger to the adjacent buildings.* Commencing on March 27, 1955, and continuing for several days, defendant used pneumatic machinery powered by air compressed at high pressures, to do the work near and adjacent to plaintiff's installation causing vibration, jarring and damage thereto. Defendant failed to protect and preserve plaintiff's building from

harm, injury and damage and that work was performed in a negligent, unlawful, and unskillful manner. Then followed a general allegation of damage unnecessary to repeat herein.

The motion to make definite and certain or to strike required plaintiff to enlarge the allegation in the amended petition that defendant knew or should have known that such work would involve danger to the foundation, or to strike those words; to state the difference between the pneumatic machinery and that ordinarily used in such work, or to strike those words; to state the acts of negligence, and the unlawful and unskillful manner in which the work was done; to enlarge the damage allegation which had been restricted by plaintiff in attempting to comply with the original motion to strike filed by defendant; and to strike that part relative to defendant's failure to protect and preserve plaintiff's building from harm, injury and damage. This motion was overruled except the part pertaining to damages, which was sustained. As a result, plaintiff filed its second amended petition which for all practical purposes was the same as the amended petition except the allegation of damage was itemized.

Against this second amended petition defendant lodged a general demurrer which the trial court overruled. This appeal was taken from that ruling but it also included the previous rulings on the motions to make definite and certain and to strike.

Taking up the motions to make definite and certain, or to strike, it is well-settled law in this state that the appellate court shall leave such matters to the sound discretion of the trial court (G. S. 1949, 60-720) and unless it appears there has been an abuse of discretion by the trial court, or that prejudice to the substantial rights of a party will result, its rulings thereon will not be disturbed on appeal. (*Wilson v. Cyrus,* 178 Kan. 239, 240, 284 P. 2d 597; *Parrack v. Wittman,* 180 Kan. 193, 302 P. 2d 1005.) In regard to what a petition shall contain under G. S. 1949, 60-704, this court has held that if a petition clearly, fairly or precisely apprises or advises a defendant of plaintiff's claim, a motion to make definite and certain will not lie. (*Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n,* 174 Kan. 498, 503, 256 P. 2d 872; *Noel v. McCaig,* 174 Kan. 677, 258 P. 2d 234; *Vitt v. McDowell Motors, Inc.,* 180 Kan. 800, 803-804, 308 P. 2d 115; *Rupe v. Smith,* 181 Kan. 606, 611, 313 P. 2d 293.) In determining the effect of the allegations of the amended petition as summarized, we think, when the above rules are thereto

applied, the allegations sufficiently apprised the defendant of plaintiff's claim and the trial court did not err in overruling the motions to make definite and certain.

We come now to the demurrer to plaintiff's second amended petition but before discussion thereof, it should be noted that some of the contentions in the briefs bear on matters to be considered later in the trial of the case and are not to be determined at this time when the issues have not yet been joined. When attacked by demurrer, the entire petition and not merely isolated parts thereof must be considered. (*Elliott v. MacKenzie,* 180 Kan. 344, 304 P. 2d 550.)

Defendant argues that it is charged only with a general allegation of negligence. We believe that is not a correct interpretation of the petition because the claim of negligence is that pneumatic hammers or machinery powered by air compressed at high pressure were used immediately adjacent to plaintiff's building. Thus defendant's contention that as an independent contractor it shares the immunity of the city in maintaining its streets is of no merit because in this case *negligence* has been sufficiently alleged. (*Swan v. Riverside Bathing Beach Co.,* 128 Kan. 230, 276 Pac. 796; *Beecher v. Ritchie,* 167 Kan. 342, 205 P. 2d 1014.) This is merely the converse of the rule stated in *Anderson v. Rexroad,* 175 Kan. 676, 266 P. 2d 320, that,

". . . so long as an independent contractor is guilty of *no negligence* in his performance of municipal improvement work, he is entitled to share the immunity from liability possessed by the city." (p. 683.) (Our emphasis.)

Another argument of defendant is that the petition is fatally defective because of the alternative allegation that defendant "knew or should have known." We are not impressed with this contention although it has been said such an allegation means "should have known." (*Miller v. Johnson,* 155 Kan. 829, 130 P. 2d 547.) While this style of pleading is not commendable and perhaps the trial court should have sustained a motion as to the notice defendant had, we cannot conclude the petition is fatally defective. This last rule was pronounced in *Shaubell v. Bennett,* 173 Kan. 774, 252 P. 2d 927, where the alternative allegation was followed by the words, "in the exercise of reasonable care and diligence prior to her injury." (p. 778.) The Miller case is readily distinguishable from our case because there the plaintiff sought to charge a company furnishing gas to a hotel with knowledge of a flexible gas

pipe connection maintained in one of the hotel rooms by the hotel owner. In our case the defendant was actually committing the acts complained of and was charged with using the pneumatic machinery powered by air compressed at high pressure immediately adjacent to plaintiff's three story building setting up vibrations in the foundation, walls, and floors thereof. This presents a somewhat analogous situation to the blasting operation cases (*Feger v. Concrete Materials & Construction Co.*, 172 Kan. 75, 238 P. 2d 708) but we do not deem it necessary to analyze those cases here. In this particular petition we think this allegation sufficient when considered in the light of all the rest of the petition. As was stated in *Franks v. State Highway Commission*, 182 Kan. 131, 319 P. 2d 535, quoting from *Weltmer v. Mathis*, 182 Kan. 70, 319 P. 2d 161, this is another one of those cases where, in the very nature of things, this is peculiarly and essentially a case in which issues should be joined and submitted to the trier of the facts. The trial court did not err in overruling the demurrer.

Judgment affirmed.