No. 42,573

GEORGE JENSEN, *Appellee*, v̇. SIERRA PETROLEUM CO., INC., *Appellant*.

(370 P. 2d 425)

Opinion filed April 7, 1962. 

*Jerry M. Ward,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Herbert Rohleder,* of Great Bend, were with him on the briefs for appellant.

*Robert L. Earnest,* of Russell, argued the cause, and *Clayton S. Flood,* of Hays, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The plaintiff commenced this action against the defendant on September 3, 1960, to recover compensatory and punitive damages for allowing oil to leak and escape from its wells located in a pasture where 85 head of plaintiff's cattle became sick, lost weight and failed to gain weight, from licking oil or drinking oil polluted water. The defendant filed a motion to make definite and certain and to strike, which was overruled in its entirety; thereafter it filed its demurrer to plaintiff's petition upon the ground it failed to state facts sufficient to allege a cause of action against the defendant, which was overruled; hence this appeal.

The plaintiff alleged that from 1946 through September 3, 1960, he was a tenant with grazing and agricultural rights on land owned by his father and that he had continuous possession during that period and that his cattle grazed on the land during the major portion of each year; that in 1951 the land was leased for oil and gas purposes and three oil wells were completed on and after February 19, 1952, resulting in commercial production of oil, and that the defendant was the operator of the oil and gas lease during the year 1958.

The petition further alleged that on September 5, 1958, plaintiff observed oil and refuse leaking and escaping from the vicinity of two oil wells and he carefully inspected his cattle in the pasture and did not observe any were sick from licking the oil or refuse; that on the same day he notified the defendant oil and refuse was escaping from its wells and requested that it take proper steps to stop the escaping of oil and to fence off the wells; that plaintiff's water supply was a spring fed creek running into and out of a spring fed pond located immediately west of one of the producing wells and that if proper steps were not taken to stop the escape of oil, the pond and stream would become polluted; that the defendant failed to stop the leakage and escape of oil for approximately two months thereafter and failed to fence off the wells; that plaintiff's cattle licked the oil or drank oil polluted water and became sick and lost weight; that when he put his herd of Hereford steer calves in the pasture on or about May 1, 1958, they were all healthy animals having an average weight of approximately 650 pounds each, and that the plaintiff had a veterinarian examine his cattle who treated them, but they did not respond and continued to lose weight, and several died. It was further alleged that defendant was negligent in the operation of its wells in permitting oil and refuse to escape in violation of G. S. 1961 Supp. 55-121, which was the proximate cause of the injury and damage to plaintiff's cattle, and that the defendant's failure to stop the leakage and escape of oil and refuse after it had been notified constituted gross neglect of duty and reckless indifference to the rights of the plaintiff, entitling him to punitive damages. The prayer was that plaintiff recover $8,463.79 actual damages, and $3,000 punitive damages.

The plaintiff's petition basically set forth a cause of action against the defendant for negligent acts including the violation of G. S. 1961 Supp. 55-121. G. S. 1949, 60-741 provides in part that when the allegations of a pleading are so indefinite and uncertain that the nature of the charge or defense is not apparent, the court or judge may require them to be made definite and certain by amendment. It is unnecessary to set forth the various grounds in the motion to make definite and certain and to strike. Some were immaterial; one would have required the plaintiff to plead his evidence, and all were so much within the sound discretion of the district court that its ruling on appeal will not be disturbed. (*Parrack v. Wittman*, 180 Kan. 193, 302 P. 2d 1005; *Acton Manufacturing Co. v.*

*Myers,* 182 Kan. 364, 320 P. 2d 840; *Coe v. DeMars,* 184 Kan. 780, 782, 339 P. 2d 72; *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 603, 352 P. 2d 444). No prejudice to the substantial rights of either party resulted in the overruling of the motion.

Complaint is made that the petition alleges contributory negligence as a matter of law on the part of the plaintiff. We do not agree. The defendant had a statutory duty to prevent the escape of oil and refuse from the vicinity of its wells. Plaintiff had a right to assume the defendant would obey the law, particularly after it was notified, and he is not guilty of contributory negligence in acting upon that assumption until or unless he has knowledge to the contrary (*Siegrist v. Wheeler,* 175 Kan. 11, 259 P. 2d 223; *Roehrman v. D. S. & O Rural Electric Cooperative Ass'n,* 174 Kan. 498, 256 P. 2d 872).

It is argued that the allegations of the petition were not sufficient to entitle plaintiff to punitive damages. The point is not well taken. The plaintiff's petition alleged notice to the defendant of the escape of oil and other refuse from the vicinity of the oil wells which would drain into the water supply for plaintiff's cattle. In *Donley v. Amerada Petroleum Corp.,* 152 Kan. 518, 106 P. 2d 652, the rule concerning punitive damages was set forth, and it was held:

"The fact an act is unlawful and subjects a person to criminal prosecution is not in itself sufficient to determine liability in exemplary damages, but generally the intentional doing of a wrongful act with full knowledge of its character, and without cause or excuse, is malicious and warrants an award of exemplary damages." (Syl. ¶ 5.)

See, also, *Wendtlandt v. National Cooperative Refining Ass'n,* 168 Kan. 619, 215 P. 2d 209. The leading case on the question is *Corwine v. Maracaibo Oil Exploration Corp.,* 184 Kan. 151, 334 P. 2d 419, which involved a suit for damages to cattle which drank polluted water caused by the defendant allowing oil and refuse to escape in violation of G. S. 1961 Supp., 55-121, and in quoting from *Watkins v. Layton,* 182 Kan. 702, 324 P. 2d 130, it was said:

"The law does not require a specific finding of an intentional and ruthless desire to injure in order to sustain an award of punitive damages. The burden of proof is sustained, once the injured party shows such gross neglect of duty by the wrongdoer as to evince a reckless indifference of the rights of others." (l. c. 154.)

We think the allegations are sufficient to justify recovery of punitive damages.

The district court did not err in overruling the demurrer upon the ground that plaintiff failed to allege a cause of action against the defendant. Plaintiff pleaded that he had a prior lease for pasturing his cattle; that defendant operated oil wells upon the land; that defendant allowed oil and refuse to escape from the vicinity of the oil wells; that plaintiff's cattle drank and licked polluted water caused by the escape of the oil and refuse from the defendant's wells resulting in their sickness, loss of weight, and death, and that although defendant knew of the escape of the oil and refuse, it did nothing to prevent damage to the plaintiff and that plaintiff was damaged by its acts of omission. All of those together allege a cause of action in favor of the plaintiff and against the defendant. (*Corwin v. Maracaibo Oil Exploration Corp.,* supra; *Coffman v. Harris,* 187 Kan. 516, 358 P. 2d 673; *Gano v. Hall,* 188 Kan. 491, 363 P. 2d 551.)

The judgment is affirmed.