MINNIE KALETSKY *v.* UPTOWN GARAGE, INC.

CIRCUIT COURT                    SIXTH CIRCUIT
                         FILE No. SC 6-40735

Memorandum filed June 24, 1969

*Joseph A. Licari, Jr.,* of New Haven, for the plaintiff.

*Thomas P. McKeon,* of New Haven, for the defendant.

JACOBS, J.   Under § 29-31 (a) of the code of the city of New Haven, it is provided that "[w]henever any vehicle shall be found parked in any parking meter space on a public street or highway overtime and beyond the period of legal parking time established for such place by the Traffic Authority, or shall be found parked therein during any period when parking is prohibited or shall be found parking in violation of any of the provisions of any resolution, rule or regulation of the Traffic Authority, such vehicle may be removed or conveyed by or under the direction of a member of the department of police by means of towing the same or otherwise to a public garage in the city. *Such removal shall be at the risk of the owner.*"   (Italics supplied.)   It was alleged that "on September 28, 1968, the plaintiff's car was towed from Yale Avenue by the defendant while [the] plaintiff's car was in the exclusive care, custody and control of the defendant," as a result of which the plaintiff's automobile was damaged.   By way of special defense, the defendant pleaded immunity from liability under the provisions of the ordinance.

The defendant's basic claim is that where a municipal corporation performs its governmental functions through a private corporation, it (the private corporation) is not liable in the performance of its work, when the city would not have been liable if it had performed the work through its own employees.

The question for resolution is whether the ordinance, as quoted above, may extend governmental immunity to a private corporation or individual of a nonmunicipal character.

A city may, if it so desires, acquire and operate its own tow-away vehicles, and, in such case, it may direct its police officers to call city-owned tow-away vehicles exclusively. See *S & R Auto & Truck Service, Inc.* v. *Charlotte,* 268 N.C. 374, 379. Under the circumstances presented by this record, it cannot be said that the privately owned garage was an employee of the city for the purpose of carrying out its governmental functions. See *Swan* v. *Riverside Bathing Beach Co.,* 128 Kan. 230, 232; *Shoemaker* v. *Parsons,* 154 Kan. 387, 395. The consequences of extending the doctrine of nonliability while in the performance of a governmental function "makes us unwilling to say that all the various functions of municipal government can be performed by agents or contractors without liability to persons injured through their negligence in the performance of such work." *O'Connell* v. *Merchants & Police District Telegraph Co.,* 167 Ky. 468, 470. It may be argued that to hold a private corporation or individual liable for its own negligence might prevent the municipality from securing tow-away vehicles at a reasonable price. But in the *O'Connell* case, the Supreme Court of Kentucky said (p. 475) that such an argument "is entirely too fanciful and far-fetched in its application to the practical affairs of life to receive serious consideration." If, on the contrary, it should be held that a private corpora-

tion or individual is not to be held liable for its own negligence, not only would it be a deplorable rule but it would put a premium on negligent conduct.

This court holds that the defendant in this case, a private corporation of a nonmunicipal character, acquires no general immunity when it engages in a duty in aid of its private interest, although the service performed might be deemed to be governmental if it was performed by a municipal corporation or by a public officer. See 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.26; *Voltz* v. *Orange Volunteer Fire Assn., Inc.*, 118 Conn. 307, 310. Finally, a strong policy question is involved in affording a private corporation with the highly specialized immunities of a municipal corporation. That policy question ought to be resolved against the extension of governmental immunity to an individual or private corporation when it undertakes to perform work or service for a municipality.

It was stipulated and agreed by the parties that, in the event that the issues were found for the plaintiff, judgment should enter for the plaintiff to recover of the defendant the sum of $195.96.

Let judgment enter accordingly.