No. 40, 660

HAROLD M. WELTMER and MARILYN JEAN WELTMER, *Appellants*, v. LLOYD E. MATHIS and CECILE C. MATHIS, *Appellees*.

(319 P. 2d 165)

Opinion filed December 7, 1957.

*A. R. Lamb*, of Coffeyville, argued the cause, and *Paul A. Lamb*, of Coffeyville, was with him on the briefs for the appellants.

*A. L. Foster*, of Parsons, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE J.: This is an appeal from an order sustaining a demurrer to a second amended petition in an action growing out of a relationship in the nature of landlord and tenant.

Because of the disposition being made of the case, it is considered advisable to set forth a brief statement of the pleadings and the rulings thereon prior to the ruling from which the appeal was taken.

The original petition was filed on December 15, 1955. Defendants filed a motion to strike nine paragraphs and portions of three paragraphs of it. This motion was sustained in part and overruled in part. On March 1, 1956, plaintiffs filed an amended petition. Defendants filed a motion to make that pleading definite and certain in eleven particulars. This motion was sustained in its entirety. Plaintiffs then filed their second amended petition, whereupon defendants filed a motion to strike portions thereof. This motion was overruled, whereupon defendants filed a demurrer on the grounds the second amended petition shows upon its face that several causes of action are improperly joined and that such plead-

ing does not state facts sufficient to constitute a cause of action. This demurrer was sustained, and plaintiffs have appealed.

Very briefly stated, the story, as alleged in the second amended petition (hereafter referred to as the petition), is substantially as follows:

Defendants are the owners of 560 acres of land in Labette County. In February, 1954, plaintiffs and defendants entered into a written contract whereby plaintiffs were to move onto the farm and furnish all farming equipment and farm the land under the supervision of defendants. Defendants were to furnish certain livestock which were to be cared for by plaintiffs. Plaintiffs were to receive a specified share of crops and of the livestock and chickens produced, less certain expenses. Plaintiffs entered into possession of the farm and raised crops, cattle and hogs. In August, 1955, plaintiffs notified defendants that the contract would be terminated on March 1, 1956. In November, 1955, defendants countered by serving a written notice to the effect they deemed themselves insecure under the contract, that it was to be terminated in thirty days, and that plaintiffs were to vacate the premises within that period.

A few days later the parties orally agreed that if plaintiffs would use their own equipment in hauling the cattle to Angola and have them weighed, and deliver possession of the same to defendants, defendants would make a full and complete settlement. Plaintiffs complied with this agreement, but defendants refused to make the settlement agreed upon. Plaintiffs, at the express request and direction of defendants, sold twenty-three hogs at the Coffeyville stockyards, receiving a check therefor from the purchaser, but defendants caused payment of the check to be stopped for the purpose of humiliating plaintiffs and causing the purchaser of the hogs to believe that plaintiffs had wrongfully and unlawfully sold them.

The petition seeks recovery of $7,289.89 for plaintiffs' share of livestock and crops, and for various labor performed on the farm, and punitive damages in the amount of $5,000 arising out of the action of defendants in causing the purchaser of the hogs to stop payment on the check.

In their briefs the parties argue questions involving terms of the contracts pleaded, and discuss various matters concerning the law of joint venture, punitive damages, liens, the fact the action was

allegedly brought prematurely, and matters concerning the right to recover on *quantum meruit,* all of which are interesting from an academic standpoint, but which, in the nature of things, we think are not properly to be discussed by this court at this stage of the case.

This court receives numerous appeals by defendants from orders overruling demurrers to petitions. Some of them are meritorious, but many are patently without merit and appear to be nothing more than delaying tactics or efforts "to try lawsuits" prior to the joining of issues. Here, of course, we have the reverse situation, for defendants' demurrer to the petition was sustained. Having filed three petitions, the presumption is that plaintiffs pleaded all that is possible for them to plead, thus they were compelled to appeal in order to maintain their action.

What we have to say is not meant in a spirit of criticism of counsel for defendants or of the trial court, but, in the very nature of things, this is peculiarly and essentially a case in which issues should be joined and submitted to the trier of facts. Defendants contend they are unable to understand clearly just what relief is sought and argue that if a trial is had upon the petition, with all of its ramifications, the inherent confusion is almost certain to precipitate trial errors which would preclude the rendition of a judgment in the trial court which this court could ultimately affirm. Perhaps the petition could have been more artfully and clearly drawn. The fact remains, however, that in our opinion defendants' contention to the effect they are in doubt as to just what they are called upon to defend against is without merit and cannot be sustained.

We express no opinion at this stage of the case on the various legal propositions contained in the briefs of the parties, and merely hold that the demurrer to the petition was erroneously sustained.

The judgment is therefore reversed.