No. 40,688

KARL W. FRANKS and ESTHER FAYE FRANKS, his wife, *Appellees*, v. STATE HIGHWAY COMMISSION of the STATE OF KANSAS, *Appellant.*

(319 P. 2d 535)

Opinion filed December 7, 1957.

*William B. Kirkpatrick,* of Topeka, and *Stanley Taylor,* of El Dorado, argued the cause, and *Henry L. Daniels,* of Topeka, was with them on the briefs for the appellant.

*A. Harry Crane,* of Topeka, argued the cause, and *Ralph F. Glenn, L. M. Cornish, Jr., Ward D. Martin, Arthur L. Claussen,* and *Harvey D. Ashworth,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the state highway commission in a suit in equity by landowners to enjoin the commission from limiting and controlling plaintiffs' right of access from their land to a relocated highway. The trial court overruled the commission's demurrer to plaintiffs' amended petition and this appeal by the commission from that order followed.

We shall refer to the plaintiffs as they were in the lower court, to the state highway commission as the commission, and to the amended petition as the petition. Attention is called to the map included herein. The land involved is that shown as tract No. 33 south of former U. S. highway 24 as well as that part of tract No. 33 which is north of former U. S. highway 24 and west of tract No. 34.

The salient facts alleged in the petition are:

In September, 1951, the commission condemned and took by a proceeding in eminent domain a portion of plaintiffs' land immediately south of tract No. 33. However, under then-existing laws, no rights of access could be or were taken. At the time of the taking the plaintiffs understood and believed they would be on and have access to both the new and old U. S. highway No. 24. On August 29, 1952, the commission designated the road and right of way taken in 1951 as U. S. highway 24. In 1953 legislation was enacted which provided for designated controlled access facilities and for acquisition of rights of access, light, air or view for such facilities. (G. S. 1955, 68-1901 to 68-1906, incl.) On April 3, 1956, the commission instituted an action to acquire property for right of way from plaintiffs and including rights of access for a designated controlled access facility and frontage road. It sought to acquire about .078 of an acre of plaintiffs' land "together with the abutter's rights of access appurtenant to the remaining property in and to said highway, provided, however, that such remaining portion of said property shall abut upon and have access to a frontage road which will be connected to the highway only at such points as may be established by the public authority."

It was further alleged that on April 26, 1956, the court-appointed appraisers allowed damages to plaintiffs' tract No. 33 as follows:

| | |
|---|---|
| Owners' crop loss | $100.00 |
| .078 acre land taken | 385.00 |
| Abutter's rights of access | 6,690.00 |
| | $7,175.00 |

The petition also alleged that on May 3, 1956, within the thirty day period in which plaintiffs were entitled to appeal, the commission by an *ex parte* order of the court abandoned that part of the project relating to the award for plaintiffs' land and the award for their abutter's rights of access. By resolution of November 9, 1955, the new highway was designated a controlled access facility with a frontage road on the south side of plaintiffs' land, between plaintiffs' land and the new highway but wholly within the right of way acquired in 1951. (The map included herein shows how plaintiffs can get onto the frontage road and the new highway only from whatever point or points the commission may designate, as provided in G. S. 1955 Supp. 68-1902 and 68-1905.) Under G. S. 1955

Supp. 68-1906 plaintiffs can lawfully enter highway 24 only at such points between the frontage road and the controlled access facility as are designated by the commission. Then followed allegations that plaintiffs' only remedy lies in equity.

The commission demurred to this petition on the ground it failed to state facts sufficient to constitute a cause of action in favor of plaintiffs and against the commission. The trial court overruled the demurrer generally and this appeal was taken by the commission.

We shall refer to a part of the original petition of the commission in the eminent domain proceeding instituted on April 3, 1956, since it is referred to and made a part of the petition here. It states that under G. S. 1955 Supp. 68-1901 through 68-1906, the commission by condemnation had authority to establish controlled access facilities; to construct and maintain frontage roads; and to acquire private and public property, including rights of access for such controlled access facilities and frontage roads. On November 9, 1955, the commission determined it was necessary to and it desired to acquire by condemnation certain lands (in addition to those taken in 1951) and all rights therein to control ingress and egress, as controlled access facilities and for right of way.

The only question before this court involves the petition and although other matters not actually appearing on the face thereof were stipulated below to make it simpler for the trial court to consider the demurrer, they cannot and will not be considered on appeal. (*Whitaker v. Douglas*, 177 Kan. 154, 277 P. 2d 641; *Robinson v. Muller*, 181 Kan. 150, 309 P. 2d 651; *Kleppe v. Prawl*, 181 Kan. 590, 592, 313 P. 2d 227; *Wendler v. City of Great Bend*, 181 Kan. 753, 316 P. 2d 265.)

This appeal is from an original suit in equity. It is not an appeal from an award of appraisers in an eminent domain proceeding for the condemnation of land. While it is true the commission maintained to a conclusion the eminent domain proceeding commenced in 1951 whereby the right of way was obtained for the proposed new or relocated U. S. highway 24 and on April 3, 1956, it instituted a proceeding in eminent domain to condemn and to acquire right to privately-owned property and involving access to and from such property, the action of April 3, 1956, was dismissed and abandoned so far as it concerned these plaintiffs. Plaintiffs' complaint is not

that the commission did not, and does not, have power through eminent domain to condemn and to acquire rights of access. They complain their right of access was limited and controlled by the commission without proper exercise of the power granted to it under G. S. 1955 Supp. 68-1903, which provides:

"The highway authorities, jointly or severally, may acquire the desired private or public property, including rights of access, light, air or view for controlled access facilities, by gift, devise, purchase, or *condemnation,* in the same manner as now or hereafter authorized by law for acquiring property or property rights in connection with highways, roads and streets within their respective jurisdictions." (Our emphasis.)

This is not the first test of such power of the commission to limit or control access granted under the new law because it was considered in *Simmons v. State Highway Commission,* 178 Kan. 26, 283 P. 2d 392. The Simmons case, however, had proceeded to final judgment, which is not the situation in our present case. The right of access of a landowner to and from his land and how that right can be limited or controlled was stated in the Simmons case in the following language:

"However, it is conceded that at that time she [the landowner] had a common law right of access onto such highway at any point, subject to compliance with the lawful regulations pertaining to entrances promulgated by the commission." (p. 28.)

G. S. 1955 Supp. 68-1901 ( *a* ) defines "A controlled access facility" as,

". . . a highway, road or street especially designed to expedite and control through and local traffic, and over, from or to which highway, road or street, owners or occupants of abutting property shall have only a controlled right or easement of access, light, air or view . . .,"

and G. S. 1955 Supp. 68-1901 ( *c* ) defines "Frontage road" as,

". . . a highway, road or street which is auxiliary to and located on the side of another highway, road or street for service to abutting property and adjacent areas and for control of access to such other highway, road or street."

Under G. S. 1955 Supp. 68-1902 we find a grant of authority to state, county or city highway authorities to design, designate, establish, regulate, vacate, alter, improve, construct or maintain controlled access facilities. Further, G. S. 1955 Supp. 68-1904 provides for the designation and establishment of controlled access highways as new and additional facilities or they may be included with an existing street or highway within such facility. G. S. 1955 Supp.

68-1905 authorizes the construction of frontage roads and grants the same control thereof as is granted to the commission over controlled access facilities set up by the commission.

The commission contends that injunction is not a proper remedy since it should not be enjoined from the construction of a highway as necessary and beneficial to public use and purpose as the one in question. The commission also contends that any cause of action for injunction has now become moot since the highway in question has been completed and has now been in use for sometime. As previously noted, this is not a suit to enjoin the commission from the exercise of its power of eminent domain to condemn access under the quoted statutes. (For discussion thereon see *Ottawa Hunting Ass'n v. State*, 178 Kan. 460, 464, 289 P. 2d 754.) After the second condemnation proceeding was abandoned, the commission went ahead with the taking of the right of access and plaintiffs commenced this suit to enjoin such taking of their access by limiting and controlling the same. When a condemnation action is pending, a landowner cannot seek injunctive relief therein but must file a separate action for that purpose where he has no adequate remedy at law. (*State v. Boicourt Hunting Ass'n*, 177 Kan. 637, 645, 282 P. 2d 395.) Injunction is an equitable remedy and is a preventative measure to maintain the *status quo* (28 Am. Jur., Injunctions, § 5, p. 199, 43 C. J. S., Injunctions, § 1, p. 406) or to operate *in futuro* (*Andeel v. Woods*, 174 Kan. 556, 258 P. 2d 285.)

In testing whether this suit in equity should stand or fall, this court is not only authorized, but it has a duty to determine—not merely whether the plaintiffs were entitled to an injuction at the time they began their suit—but whether the facts as they appeared at the time of the hearing warranted such relief. (28 Am. Jur., § 8, p. 201.) We are not concerned now with the outcome on the final hearing because this is a demurrer to the petition and no issues have been joined as yet. As contended by defendants, it appears that with the passage of time betwen the filing date and the presentation of this appeal there has been a change of circumstances so as to render an injunction useless and of no effect, if granted, and no judicial action is now necessary and all questions in the appeal are moot. (*Bumm v. Colvin*, 181 Kan. 630, 636, 312 P. 2d 827; 43 C. J. S., Injunctions, § 198 (e), p. 912.) This does not mean that in all injunction suits where there are changes in circumstances, a dismissal is required because of mootness if by so holding vital rights

of the parties would be affected. (*Moore v. Smith*, 160 Kan. 167, 160 P. 2d 675.)

The allegations of the petition make it appear that if an injunction were refused, the commission, without condemnation, could limit and control plaintiffs' previous access to what is now a controlled access facility. This involves a vital property right. (25 Am. Jur., Highways, § 154, p. 448; 39 C. J. S., Highways, § 141, p. 1081.) Such exigencies may later compel the trial court to deny the injunction because it would inflict great injury upon the commission and its power of eminent domain and would adversely affect the public interest. In lieu of a decree to enjoin, the court could award damages to plaintiffs as compensation (*Provident Mut. Life Ins. Co. v. State Highway Comm.*, 155 Kan. 351, 355, 125 P. 2d 346) by reason of the controlled access facility and its effect on plaintiffs' right of access to and from their property.

We do not deem it necessary to determine at this time the other points raised by the parties in this appeal from the trial court's order overruling the commission's demurrer to plaintiffs' petition. No issues have been joined by pleadings or any evidence adduced in support thereof or in defense thereto. On appellate review this court cannot substitute itself for the trial court and determine the merits of the litigation before the lower court has had ample opportunity to determine the issues. This phase of our case was well determined in the case of *Weltmer v. Mathis*, 182 Kan. 70, 319 P. 2d 165, this day decided, where the court said:

"In their briefs the parties argue questions involving terms of the contracts pleaded, and discuss various matters concerning the law of joint venture, punitive damages, liens, the fact the action was allegedly brought prematurely, and matters concerning the right to recover on *quantum meruit*, all of which are interesting from an academic standpoint, but which, in the nature of things, we think are not properly to be discussed by this court at this stage of the case . . .," (p. 71.)

and in the same case it was later stated,

". . . in the very nature of things, this is peculiarly and essentially a case in which issues should be joined and submitted to the trier of facts." (p. 72.)

We have limited our consideration to the petition involved in this particular action and under the allegations thereof and the controlling statutes in effect, we think the petition did state a cause of action in favor of plaintiffs and against the commission.

The judgment is affirmed.