No. 41,087

ALLEN MILLS and HELEN MILLS, *Appellees,* v. (STATE AUTOMOBILE INSURANCE ASSOCIATION, a/k/a State Automobile Insurance & Casualty Underwriters; HAROLD FORCUM, JOE BOYER and WILLARD HAGER, Defendants); JOE BOYER, *Appellant.*

(326 P. 2d 254)

Opinion filed June 7, 1958.

*Jay W. Scovel,* of Independence, argued the cause, and *Thomas R. Scovel* and *Robert K. Scovel,* both of Independence were with him on the briefs for the appellant.

Evart Mills, of McPherson, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: In an action by a mother and father to recover under G. S. 1949, 60-3203 against four defendants for the death of their son, which was alleged in an amended petition to have been caused by the wrongful acts or omissions of such defendants, one of the defendants attacked the sufficiency of this pleading to state a cause of action against him and appeals from the trial court's order over-ruling that demurrer.

Here again we have industrious counsel who, in the presentation of their appeal, submit acts, facts, circumstances, and conditions which do not appear in the allegations of the pleading under consideration and as a result, we must repeat our long-established rule that we will not consider such matters on an intermediary appeal when they are not a part of the record before us. (Shields v. Meyer, 183 Kan. 111, 325 P. 2d 29.) This court will not undertake "to try lawsuits" prior to the joining of issues in the trial court. (Weltmer v. Mathis, 182 Kan. 70, 72, 319 P. 2d 165.)

Page Mills, plaintiffs' son, a high school senior and one of three members of a 4-H club livestock judging team, had been sent to the Kansas Free Fair in Topeka by the Elk county agricultural extension council to judge livestock at the fair. On September 11, 1957, at about 6:55 p. m. (ten minutes after sundown) during Page Mills' return trip home in a 1957 Chevrolet sedan being driven by Willard Hager south on Kansas highway 99 approximately four-tenths of a mile north of the highway's intersection with the Climax road, the sedan collided with the rear end of Harold Forcum's 1956 G. M. C. truck and attached semitrailer used for hauling livestock. The G. M. C. truck and trailer had been headed south but at the time of the collision it was stopped and standing entirely on the blacktop portion of the highway in the west or southbound traffic lane. The highway was twenty-three feet and three inches wide so there remained approximately fourteen feet for the east or north-bound traffic. No flares or other warnings had been placed at the side or rear of the truck. There were dirt shoulders five or six feet wide covered with grass and vegetation on each side of the black-top which was wet by reason of an earlier rain and a slight mist in the air at the time. The highway had a downgrade from the

crest of the grade about 950 feet north of the point of collision. This decline was constant and extended for more than one half mile south of such crest. By reason of injuries received in the collision, Page Mills died the next day.

With this very brief summary of the portions of the amended petition explaining what is alleged to have happened, we come now to that portion regarding defendant Boyer whose demurrer and the trial court's ruling thereon represent the purpose for this appeal. It reads:

"8. Immediately prior to said collision the defendant, Joe Boyer, was driving a vehicle north on said highway and stopped his vehicle on the blacktop in the east lane of traffic and along side said stopped truck and semi-trailer. He then carried on a conversation with the defendant, Harold Forcum. When the defendant, Willard Hager approached closely from the north, Joe Boyer started up his automobile. Plaintiffs do not know and have no means of ascertaining how far north the Willard Hager automobile was from the Boyer vehicle when Boyer started up and allege that such information is peculiarly within the knowledge of said defendants. Joe Boyer had traveled north only about 25 feet at the time of said collision."

As to Joe Boyer the amended petition also further alleged:

"12. The defendant, Joe Boyer, was guilty of negligence which caused or contributed to said collision and the resulting death of Page Mills in the following particulars:

"(a) Said defendant stopped his motor vehicle on the paved or improved portion of the highway, and failed to leave at least 20 feet of room on the highway for vehicles to pass. Plaintiffs do not know and have no way of ascertaining how close Joe Boyer stopped his car to the Forcum truck but they are informed and verily believe the distance was between four and six feet. Joe Boyer violated Sec. 8-570 of the Statutes of Kansas, the pertinent portions of which read as follows:

" 'Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles. . . .'

"(b) Said defendant saw, or ought to have seen, the Chevrolet driven by Willard Hager approaching from the north and that a collision with the truck and semi-trailer was imminent. Joe Boyer should then have driven off the blacktop to his right in such manner as to leave a reasonable amount of room, which plaintiffs allege is 20 feet, for the on-coming automobile to pass to the left of the stopped truck and should further have turned off his lights, all of which he failed to do."

One of the numerous definitions of negligence is that it is present when a person owes a duty not to cause injury to another and he commits an act or acts that he should not have committed, or omits to do an act or acts that he should have done, either or any of which is contrary to or different from the conduct of an ordinary, reasonable and prudent man under the same or similar circumstances, whereby another suffers injury. (38 Am. Jur., Negligence, § 2, p. 642; 65 C. J. S., Negligence, § 1, [7] [d] c., p. 317; 7A West's Kansas Digest, Negligence, § 1, p. 183, § 56, p. 199; 4 Hatcher's Kansas Digest, rev. ed., Negligence, § 2, p. 269.) For such negligence to be actionable there must be a causal relation between the negligence and the resulting injury and damage (4 Hatcher's Kansas Digest, rev. ed., Negligence, § 74, p. 293; 7A West's Kansas Digest, Negligence, § 136 [9]) or, stated in another way, the negligence must be the proximate cause of the resulting injury.

The allegations of the amended petition are that Boyer was in his proper lane of traffic but that fact gave him no license to make unreasonable use thereof (*DeGraw v. Kansas City & Leavenworth Transportation Co.*, 170 Kan. 713, 228 P. 2d 527) by stopping in the traveled portion of the highway under the other conditions alleged without leaving sufficient room for other traffic, whether following or oncoming, to pass in safety. (G. S. 1949, 8-570.) Defendant owed this duty to other traffic generally and more specifically he owed it to deceased in the oncoming Chevrolet when it came over the crest of the downgrade approximately 950 feet almost directly in front of him. While Boyer may not have owed deceased any particular duty when Boyer first stopped his car where he did, when the Chevrolet came over the crest of the hill, his duty arose and he should then have exercised his common sense and thought about his car and the cattle truck blocking the highway under the attending conditions, as alleged. He should have realized it was impossible for the oncoming vehicle to pass on the traveled portion of the roadway and that unless he exercised ordinary care to avoid the dangerous condition, he would become liable as a joint tort-feasor. (*Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590; *Long v. Foley*, 180 Kan. 83, 299 P. 2d 63.) We think that under the allegations of the amended petition Boyer's acts fell so far short of the acts of an ordinary, reasonable and prudent person under the circumstances and conditions then existing that he was sufficiently charged with negligence which when combined with

the alleged negligent acts of Forcum and Hager produced a disastrous result and these acts, therefore, became a proximate cause of that result. In the Rowell case, *supra*, it was stated:

". . . it has been held that where injury to an innocent person would not have occurred except for the concurrent negligence of others, the subject of proximate cause need not be considered, and those whose acts united in producing the injury will be jointly and severally liable to the injured party." (p. 303.)

A few of our many cases along the line of the Rowell case are *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 131 P. 2d 924; *Strohmyer v. Ventura,* 178 Kan. 597, 290 P. 2d 1001; *Knox v. Barnard,* 181 Kan. 943, 317 P. 2d 452.

We conclude that under the allegations of the amended petition a cause of action is sufficiently stated and the trial court did not err in overruling the defendant's demurrer thereto.

Affirmed.