No. 41,093

CLYDE ANDREWS, *Appellant*, v. MARTIN HEIN and PAUL HEIN, d/b/a THE HEIN BROS. BODY & FENDER WORKS, *Appellees*.

(332 P. 2d 278)

Opinion filed December 6, 1958.

*Otto J. Koerner,* of Wichita, argued the cause, and *Benj. F. Hegler, Lee R. Meador* and *Thomas A. Bush,* all of Wichita, were with him on the briefs for the appellant.

*Pat Warnick,* of Wichita, argued the cause, and *Roy L. Rogers* and *Alan B. Phares,* both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff brought this action in the court of common pleas of Sedgwick County against the defendants, to recover damages sustained to his automobile as the result of a collision between two motor vehicles on a public highway, and failed to recover. He then perfected an appeal to the district court where, under issues joined by the pleadings in the court of first resort, the case proceeded to trial and a demurrer to his evidence, based on the ground such evidence failed to establish a cause of action, was sustained. Following this action judgment was rendered against him for costs of the action. Thereupon, without filing a motion for a new trial, he perfected the instant appeal, under a notice reciting that he was appealing from the judgment, order and decision rendered and made, and particularly from rulings made during the trial, and the ruling sustaining the demurrer to his evidence.

In a general way it may be said that claims advanced by appellant as grounds for reversal of the judgment are that the trial court erred (1) in failing to allow questions in a deposition to be read in the same manner as if witnesses were present in open court; (2) by striking evidence relating to medical bills paid by him; (3) in erroneously excluding evidence pertaining to damages sustained to his automobile as a result of the collision in question; (4) in denying his motion to reopen the case for the purpose of introducing further evidence; (5) in reading ahead in the deposition in a manner unlike a trial in open court with the witness present; and (6) in sustaining the demurrer to his evidence.

Before giving any consideration to the merits of the foregoing claims we must first determine whether, absent a motion for a new trial, they are subject to review on this appeal. We therefore turn to that question.

The rule in this jurisdiction, so well-established as to scarcely require citation of any of the numerous authorities supporting it, is that where there is no motion for a new trial filed in the district

court, trial errors are not open to appellate review. See *King v. King,* 183 Kan. 406, 327 P. 2d 865; *Marshall v. Bailey,* 183 Kan. 310, 327 P. 2d 1034; *Jeffers v. Jeffers,* 181 Kan. 515, 313 P. 2d 233; *Brewer v. Hearne Motor Freight Lines, Inc.,* 179 Kan. 732, 297 P. 2d 1108; *State, ex rel., v. Miller,* 176 Kan. 175, 268 P. 2d 964. For numerous other decisions of like import see Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 366; West's Kansas Digest Appeal & Error, § 281 (1).

See, also, *Marshall v. Bailey,* supra, where, in applying the foregoing rule, it is said that trial errors "include rulings of the district court on dilatory pleas, orders setting the cause for trial, denial of additional time to plead, the overruling of a motion for judgment on counsel's opening statement, the admission or exclusion of evidence, the sufficiency of evidence to support the judgment, the erroneous instructions to the jury, misconduct of court or counsel, and general miscellaneous irregularities of procedure and practice for which new trials may be granted on timely motion of a defeated litigant. (Citing decisions.)" (p. 313.)

Pointing to our decisions, holding that a motion for a new trial is neither necessary nor required in order to obtain review of a ruling on a demurrer to evidence, appellant suggests the rule first above mentioned has no application to trial errors committed prior to the making of such a ruling. This suggestion lacks merit and cannot be upheld. See, e. g., *Jett-Wood Central Mercantile Co. v. Pringle,* 128 Kan. 159, 277 Pac. 37, which holds:

"An error in excluding evidence is not reviewable on appeal unless such excluded evidence has been produced and presented to the trial court by affidavit or otherwise at the hearing of the motion for a new trial, and this rule applies under R. S. 60-3004 in cases where a demurrer to the evidence has been sustained." (Syl. ¶ 2.)

See, also, *Yarberry v. Hertzler,* 151 Kan. 651, 654, 100 P. 2d 629.

The rationale of the decisions last above cited is that appellate review of a trial court's ruling on a demurrer to evidence is restricted to the evidence which has been admitted and considered in ruling on the demurrer and, on appeal from such a ruling, trial errors involved in the admission or rejection of evidence are not subject to review unless they are raised by a motion for a new trial.

What has been heretofore stated makes it clear that claims 1 to 5 inclusive, advanced by appellant, relate to trial errors. It follows

the only claim here subject to review is whether the trial court erred in sustaining the demurrer to the evidence.

After a careful and extended examination of a confusing and incomprehensive record, due to the manner in which the case was presented in district court as well as the manner and form in which it is presented on appellate review, which has left much to speculation and conjecture and has made a decision of all questions raised by the parties extremely tedious and difficult, we are inclined to the view the ruling sustaining the demurrer to the evidence was based on grounds that the appellant had wholly failed, by the evidence admitted during the trial, to establish either the damages sustained to his automobile as a result of the collision, or that the driver of the other vehicle involved was acting as the agent of the appellees at the time of such collision.

Under the existing conditions and circumstances it would serve no useful purpose and certainly add nothing to the body of our law to here attempt to set forth the evidence before the trial court at the time of its ruling. It suffices to say, that when the admitted evidence upon which that tribunal based its decision is examined in the light of the same confusing and incomprehensive record to which we have heretofore referred, we are convinced there is nothing in such evidence, or in contentions advanced by appellant respecting the matters relied on in support of its position on the point now under consideration, which makes it affirmatively appear the trial court's action in sustaining the demurrer was erroneous. In any event, in the face of such record, we are constrained to hold appellant has failed to establish any plain, palpable error warranting a reversal of that ruling. Since, as we have heretofore indicated, trial errors of which the appellant complains are not open to review either of the conclusions just announced requires an affirmance of the ruling on the demurrer as well as the judgment (West's Kansas Digest, Appeal & Error, § 901; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 583; *Jones v. Crowell*, 167 Kan. 415, 420, 207 P. 2d 435; *Huycke v. Kramer*, 133 Kan. 41, 47, 298 Pac. 787; *Fairbanks, Morse & Co. v. Inglitt*, 106 Kan. 488, 492, 188 Pac. 248).

The judgment is affirmed.