No. 41,295

In the Matter of the Estate of Frank Teeter, Deceased. C. H. TEETER and R. S. TEETER, *Appellants*, v. C. G. BAALMAN, Administrator; FERN MILLER by ALBERT MILLER, Legal Guardian of Fern Miller, an Incompetent Person; DOROTHY VAN MARTER, and BERTHA NOWKA, *Appellees*.

(337 P. 2d 691)

Opinion filed April 11, 1959.

*Alex M. Fromme*, of Hoxie, argued the cause, and *Joseph W. Fromme*, of Hoxie, was with him on the briefs for the appellants.

*W. H. Clark, Marion W. Chipman* and *Kenneth Clark*, all of Hill City, and *Edward M. Beougher*, of Grinnell, were on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court sustaining, on jurisdictional grounds, motions to dismiss the petitions of two heirs of decedent's estate to enforce specific performance of a postnuptial contract entered into by decedent and his deceased wife.

Appellants, C. H. and R. S. Teeter, hereinafter referred to as petitioners, filed separate petitions in the probate court which are, for all purposes, identical, alleging that their father, Frank Teeter, died intestate September 16, 1956; that appellee C. G. Baalman was appointed administrator of the estate; that the sole and only heirs at law of decedent at the time of death were his two sons, the petitioners herein, and six daughters, appellees Fern Miller, Dorothy Van Marter and Bertha Nowka, and Alice Johnson, Evelyn M. Chapman and Bessie Meyer; that at the time of his death Frank Teeter owned certain real and personal property, as shown by the inventory and appraisal on file in the estate; that Mary M. Teeter, wife of decedent, died February 16, 1935, but prior thereto she and her husband, Frank, entered into a written postnuptial agreement dated January 30, 1926, and duly recorded February 1,

1926, whereby they made provisions for a division and final disposition of all property owned by Frank; that out of the described fourteen quarters of land, a house, moneys and personal property Mary was to be given a deed to the house in Grinnell, certain moneys and other personal property, and a life estate in eight quarters of the land; that Frank was to make a will devising the eight quarters of land, subject to Mary's life estate, to the six daughters, and was to devise and bequeath to his two sons, C. H. and R. S. Teeter, petitioners herein, all other real estate and personal property of every kind and nature of which he should die seized and possessed; that upon Mary's death Frank conveyed the eight quarters of land to the six daughters as agreed, but failed, by will, deed or otherwise, to comply with the terms of the agreement wherein he was to devise and bequeath all of his real and personal property to his two sons. Each of the petitioners prayed that the court decree specific performance of the contract and that he be adjudged the owner of one-half interest in the real and personal property of which Frank Teeter died seized and possessed.

Subsequent to the filing of these petitions the administrator filed a verified request, in accordance with the provisions of G. S. 1957 Supp., 59-2402a and G. S. 1949, 59-2402b, for transfer of the matter to the district court. After fixing the time and place of hearing the request and after directing service of notice and proof thereof, the probate court heard the administrator's request and transferred the petitions to the district court for hearing and determination. Under order of the district court, written defenses were filed and issues joined in accordance with the provisions of G. S. 1949, 59-2408.

At the time set for trial appellee Miller presented three separate motions to dismiss the petitions. The first two motions asserted the absence of certain alleged statutory notices. The court made no ruling on these two motions, holding them moot in view of its ruling on the third motion. No further mention will be made of the ruling on these two motions, inasmuch as there was no appeal therefrom to this court. (*Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 305 P. 2d 849; *Hill v. Lake,* 182 Kan. 127, 318 P. 2d 1050.)

Appellee Miller's third motion to dismiss was based on the ground that the transfer of the petitions to the district court deprived the probate court of its exclusive jurisdiction, under G. S. 1949, 59-2249, to determine matters of distribution upon final settlement. The trial court, in sustaining this motion found that the petitions could only be heard in the probate court at the time of final settlement

of the estate and that the district court had no jurisdiction, and remanded the petitions to the probate court. From this order, petitioners appeal.

It is apparent from the arguments in the briefs submitted by the respective parties that counsel, as well as the trial court, were under the misapprehension the petitions were controlled by the case of *In re Estate of Welch,* 167 Kan. 97, 204 P. 2d 714. While we adhere to the rule announced in the *Welch* case; that is, that an action to enforce a contract such as is narrated therein is not a claim or demand against an estate, we think it has no application whatever to the present case. Moreover, the *Welch* case was decided prior to the 1951 amendment to G. S. 1949, 59-2402a, which amendment permits the transfer to the district court of actions such as the ones herein.

These were petitions to enforce specific performance of a contract to make a will devising and bequeathing real and personal property. The supposition that the rights of inheritance of the other heirs would be excluded if the petitions are sustained, specific performance of the contract ordered and the two petitioners each declared entitled to one-half interest in the real and personal property of which Frank Teeter died seized and possessed does not alter the situation. In the final analysis, the probate court, under the provisions of G. S. 1949, 59-2247 and 2249, shall take into consideration the judgment rendered in the instant actions in determining the persons entitled to inherit and in assigning to such persons the proportionate part of the property to which each is entitled, inasmuch as the judgment rendered by the district court must be certified to the probate court (G. S. 1949, 59-2402b).

As previously indicated, jurisdiction of the district court to hear these petitions is conferred by the provisions of G. S. 1957 Supp., 59-2402a, the pertinent part of which reads:

"When a petition shall be filed in the probate court, . . . (5) for conveyance of real estate under contract; . . . (9) for an order to determine heirs, devisees or legatees; or (10) for an order which involves construction of a will or other instrument; any interested party may request the transfer of such matter to the district court. . . . Notice of such request shall be given as ordered by the probate court."

G. S. 1949, 59-2402b provides that upon the filing of such request the probate court shall deliver to the district court the file in the matter, or so much thereof as may be necessary for determination of the issues raised. Such issues shall thereupon be heard and determined by the district court on appeal, as provided in

G. S. 1949, 59-2408, which states that the district court shall, *without delay,* proceed to hear the appeal, and in so doing shall exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in the district court and as though such court had originally had jurisdiction in the matter. The district court shall allow and may require pleadings to be filed.

It is clear that 59-2402a, as amended, confers on the district court jurisdiction of the matters in the instant case, and does not say that such matters should await a petition for and notice of final settlement of the estate and a hearing thereon in the probate court.

Other matters mentioned in the briefs are foreign to the issues involved in this appeal and need no discussion.

The judgment of the trial court is reversed, and the case is remanded with directions to reinstate the petitions.

It is so ordered.