No. 41,876

In re Estate of Frank Teeter, Deceased. (R. S. TEETER and C. H. TEETER, *Appellees,* v. ALBERT MILLER, Guardian of the Estate of FERN MILLER, an incompetent person; DOROTHY VAN MARTER, BERTHA NOWKA, BESSIE MEYER, and C. H. BAALMAN, Administrator of the Estate of Frank Teeter, Deceased, *Appellants.*)

(356 P. 2d 856)

Opinion filed November 12, 1960.

*Kenneth Clark,* of Hill City, argued the cause, and *W. H. Clark,* and *Marion W. Chipman,* both of Hill City, were with him on the briefs for the appellant, Albert Miller, guardian of the estate of Fern Miller, an incompetent person.

*Alex M. Fromme,* of Hoxie, argued the cause, and *Joseph W. Fromme,* of Hoxie, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This action against the estate of Frank Teeter, deceased, was commenced in the probate court by his sons, C. H. Teeter and R. S. Teeter, who in their separate petitions exhibited identical claims against their father's estate. These petitions were transferred to the district court for trial. Written defenses and replies thereto were filed, after which C. H. Teeter introduced his evidence and R. S. Teeter adopted it as his evidence also. Thereupon respondents, Albert Miller, guardian for Fern Miller, an incompetent person, Dorothy Van Marter, Bertha Nowka and C. H. Baalman, administrator of Frank's estate, filed demurrers, which were overruled. Albert Miller, guardian for Fern, elected to stand on his demurrer and appealed from the trial court's order overruling the demurrer of this one respondent. Another respondent, Bessie Meyer, did not file a demurrer.

This case has appeared before this court previously (*In re Estate*

*of Teeter*, 184 Kan. 567, 337 P. 2d 691) and that appeal was from the trial court's order sustaining, on jurisdictional grounds, motions to dismiss the petitions of C. H. and R. S. Teeter. That decision amply explains the situation of the record in the trial court prior to the introduction of evidence, against which the demurrers now being considered were lodged, and we shall, therefore, not burden the reports with a repetition thereof in this opinion.

In the previous case, after holding the actions were properly transferred to the district court, the opinion of the court continued:

"These were petitions to enforce specific performance of a contract to make a will devising and bequeathing real and personal property. The supposition that the rights of inheritance of the other heirs would be excluded if the petitions are sustained, specific performance of the contract ordered and the two petitioners each declared entitled to one-half interest in the real and personal property of which Frank Teeter died seized and possessed does not alter the situation. In the final analysis, the probate court, under the provisions of G. S. 1949, 59-2247 and 2249, shall take into consideration the judgment rendered in the instant actions in determining the persons entitled to inherit and in assigning to such persons the proportionate part of the property to which each is entitled, inasmuch as the judgment rendered by the district court must be certified to the probate court. (G. S. 1949, 59-2402b)." (p. 569.)

Attention is next directed to claimants' challenge of Albert Miller's right to be heard on the appeal. Since judgment was not entered by the trial court in this matter, the scope of appellate review is limited, and this court will not consider anything not properly before it on appeal and certainly will not undertake to perform the function of a trial court. The two matters here for appellate review are the trial court's order overruling a demurrer to claimants' evidence, and a question as to whether certain exhibits were properly admitted into evidence. A ruling on a demurrer is appealable under G. S. 1949, 60-3302, *Second,* and that point will not be labored further.

Did the trial court err in overruling the demurrer to C. H. Teeter's evidence? This evidence was documentary and notwithstanding Albert Miller's challenge of the trial court's order admitting the documents, there is some evidence remaining which supports, or tends to support, the case and the demurrer was correctly overruled. (*Jones v. Coate*, 180 Kan. 597, 306 P. 2d 148; *Milwaukee Ins. Co. v. Gas Service Co.*, 185 Kan. 604, 347 P. 2d 394.)

The next question is whether the trial court erred in admitting the documents to which Albert Miller objected. The trial court stated that it was not making any findings of fact because they would be prematurely made at that time. This was correct. This

court likewise is not going into the admissibility of the documents because it is neither the function nor duty of an appellate court to pre-try a case for the trial court by determining a document to be admissible because to do so could be construed to mean that its contents or effect established a finding of fact. Had a final judgment been entered and a motion for new trial overruled, an appeal therefrom would have been properly before this court and its scope of review would then have permitted such matters to be considered. As the record now stands, no substantial rights have been affirmatively shown to have been prejudiced nor has it been shown there was an abuse of discretion on the part of the trial court in the admission of evidence. The question of review of such evidence without a motion for new trial is fully treated in *Andrews v. Hein,* 183 Kan. 751, 332 P. 2d 278, and no attempt need be made to improve upon the statements made therein.

The conclusion is the trial court did not err in overruling the demurrer to the evidence and allowing admission of the documents.

Affirmed.